**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Alpha Media Group, Inc.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-10881 (CTG)<br><br>**Hearing Date: October 1, 2026 at 1:00 p.m. (ET)**<br>**Objection Deadline: September 11, 2026 at 4:00 p.m. (ET)** |
| ALFRED T. GIULIANO, solely in his capacity as Chapter 7 Trustee of Alpha Media Group, Inc.,<br><br>Plaintiff,<br><br>-against-<br><br>SELL MILES NOW, LLC,<br>UR TRAVEL BIRD, LLC,<br><br>Defendants. | <br><br><br><br><br><br>Adv. Proc. No. 25-51034 (CTG)<br>Adv. Proc. No. 25-51036 (CTG) |

**CHAPTER 7 TRUSTEE'S SECOND OMNIBUS MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENTS PURSUANT TO FED. R. BANKR. P. 9019**

Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of the above-captioned debtor (the "Debtor") and plaintiff in the above-captioned adversary proceedings, files this omnibus Motion seeking the entry of an order pursuant to Fed. R. Bankr. P. 9019 authorizing and approving the settlements described below and respectfully states as follows:

## JURISDICTION

1. The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this district is proper under 28 U.S.C.

§§ 1408 and 1409. Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

2. The predicates for the relief sought herein are section 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

3. On June 30, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. Prior to the Petition Date, the Debtor operated an online travel booking business under names such as "Booking Vault," "FlightGuru," and "Alpha Flight Guru."

4. On or about July 3, 2023, Alfred T. Giuliano was appointed as chapter 7 trustee.

5. The section 341(a) meeting of creditors was held and concluded on July 26, 2023.

6. Following his appointment, the Trustee undertook an investigation of the Debtor's prepetition transfers and transactions. Among other things, the Trustee identified certain parties that received transfers prior to the Petition Date that may be avoidable and recoverable under chapter 5 of the Bankruptcy Code and/or other applicable law.

7. On June 23, 2025, the Trustee commenced the above-captioned adversary proceedings, among others, seeking to avoid and recover certain prepetition transfers.

8. As set forth below, the Trustee, subject to Court approval, has reached settlements with the defendants in these adversary proceedings (together, the "Settling Parties"). The Trustee and each Settling Party engaged in good faith and arm's length negotiations. The Trustee has analyzed and considered the defenses and arguments raised by each Settling Party. The details of

the settlements with each Settling Party (together, the "Settlement Agreements") are summarized below.[1]

## SETTLEMENTS

**A. Sell Miles Now, LLC (Adv. Proc. No. 25-51034 (CTG))**

9. Based upon the Trustee's investigation, prior to the Petition Date, the Debtor made certain transfers to or for the benefit of Sell Miles Now, LLC ("Sell Miles Now"). The Trustee sent a written demand to Sell Miles Now and engaged in extensive arm's length and good faith discussions with Sell Miles Now both pre- and post-suit. On June 23, 2025, the Trustee commenced adversary proceeding no. 25-51034 seeking, among other things, to avoid and recover approximately $820,000.00 in transfers by the Debtor to Sell Miles Now during the 90 day period prior to the Petition Date. Sell Miles Now has asserted that the transfers are not subject to avoidance and recovery on various grounds and has raised various arguments and affirmative defenses. After analyzing the defenses and arguments raised by Sell Miles Now, as well as costs and benefits of continued litigation, the Trustee has agreed, subject to Court approval, to settle all claims and causes of action with Sell Miles Now in exchange for (i) a payment to the Trustee for the benefit of the estate in the amount of $15,000.00, (ii) a waiver of the section 502(h) claim, and (iii) mutual releases. For the avoidance of doubt, those releases expressly preserve the parties' claims against third parties. A copy of the Settlement Agreement with Sell Miles Now is attached hereto as Exhibit A.

[1] The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the Settling Parties. In the event that there are any inconsistencies between this summary and the actual terms of any settlement agreement, the language set forth in that settlement agreement shall control.

**B. UR Travel Bird, LLC (Adv. Proc. No. 25-51036 (CTG))**

10. Based upon the Trustee's investigation, during the 90-day period prior to the Petition Date, the Debtor made certain transfers to or for the benefit of UR Travel Bird, LLC ("UR Travel Bird") totaling not less than of $3,026,394.70. The Trustee sent a written demand to UR Travel Bird, and the parties engaged in arm's length and good faith discussions. UR Travel Bird has asserted that the transfers are not subject to avoidance or recovery on various grounds and has raised various arguments and affirmative defenses. After analyzing the defenses and arguments raised by UR Travel Bird, as well as costs and benefits of continued litigation, the Trustee has agreed, subject to Court approval, to settle all claims and causes of action related to the alleged avoidable transfers and the adversary proceeding with UR Travel Bird in exchange for four installment payments totaling $40,000 to the Trustee for the benefit of the estate, and mutual releases related to the alleged avoidable transfers and the adversary proceeding. A copy of the Settlement Agreement with UR Travel Bird is attached hereto as Exhibit B.

**RELIEF REQUESTED AND BASIS THEREFOR**

11. By this Motion, the Trustee seeks entry of an order, substantially in the form attached hereto, authorizing and approving the Settlement Agreements and granting related relief.

12. Bankruptcy Rule 9019(a) provides, in relevant part, that "on the trustee's motion and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

13. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against

the value to the estate of the acceptance of the compromise proposal." *Id*. at 393. In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the Bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

14. Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

15. The Trustee respectfully submits that the compromises reached with each of the Settling Parties are fair, reasonable, and in the best interest of the Debtor's estate and creditors. The Trustee and his professionals have invested time and effort in analyzing the transfers made to the Settling Parties. The Trustee has analyzed and considered the arguments and affirmative defenses raised by each of the Settling Parties, as well as the costs and delays of litigation. The Trustee likewise believes the settlements and compromises are founded on the exercise of sound

business judgment by the Trustee. Accordingly, the Trustee respectfully submits the Settlement Agreements are in the best interests of the estate and creditors and should be approved.

**NOTICE**

16. Motion will be given to the following parties or their counsel of record, if known: (a) the Office of the United States Trustee; (b) each of the Settling Parties or their counsel, if known; and (c) all parties that have requested pursuant to Bankruptcy Rule 2002 to receive notices in this case. The Trustee submits that service of this Motion on the parties listed above is reasonable and appropriate in light of the circumstances of this case.

17. No prior request for the relief sought in this Motion has been made to this Court or to any other Court.

**CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter the attached Order granting the Motion, approving the settlement agreements with each of the Settling Parties, and granting such other and further relief as the Court deems just and equitable.

Dated: August 28, 2026

CHIPMAN BROWN CICERO & COLE, LLP

*<u>/s/ Bryan J. Hall</u>*

David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
Aaron J. Bach (No. 7364)
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
carickhoff@chipmanbrown.com
hall@chipmanbrown.com
bach@chipmanbrown.com

*Counsel to the Chapter 7 Trustee*